IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RACHEL SERIO,

                                                OPINION AND ORDER

                  Plaintiff,

                                                15-cv-495-bbc

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Rachel Serio applied for social security disability income benefits in January 2010, alleging that she had been unable to work since February 5, 2005 because of fibromyalgia, residuals of Guillain-Barre syndrome and episodes of weakness. After two different administrative law judges denied her application, she filed a law suit in this court, arguing that defendant Carolyn W. Colvin, Acting Commissioner of Social Security, had erred in denying her benefits. Shortly thereafter, the parties tried unsuccessfully to negotiate a joint stipulation for remand in this case. Defendant then moved to remand the case to the agency for further proceedings under sentence four of 42 U.S.C. § 405(g) and to enter judgment under Fed. R. Civ. P. 58.

       Plaintiff contends that the correct remedy for the erroneous decision by the commissioner is for this court to remand the case and reverse the improper denial of benefits. Defendant does not opposes the request for a remand, but does oppose the court's

1

reversing the allegedly improper denial of benefits. Although plaintiff says that her benefits claim is "proven by the record," dkt. #12, at 1, I cannot agree. At least some factual issues remain unresolved, even after two hearings at the agency level.

Alternatively, plaintiff asks that the case be remanded with certain instructions to the administrative law judge. Defendant agrees to this request and to the following four conditions of remand proposed by plaintiff: the administrative law judge will (1) evaluate the limiting effects of plaintiff's symptoms following the commissioner's standards, including assessment under the seven enumerated factors of SSR 96-7p; (2) reevaluate the medical opinions of treating, examining and consulting doctors; (3) reevaluate medical equivalence at step three; and (4) if the case proceeds past step three of the sequential evaluation, the administrative law judge will reassess plaintiff's residual functional capacity, including her use of a cane, and explain the bases of the findings while applying the function-by function standards of SSR 96-8p.

The parties part company on the remainder of plaintiff's requests: (5) directing defendant to instruct the administrative law judge to conduct a new hearing; (6) ordering the new administrative law judge to establish a substantial basis for the reliability and validity of the vocational testimony, rather than allowing the vocational expert to rely on any part of the Dictionary of Occupational Titles, which contain outdated information; and (7) requiring the administrative law judge to issue a new decision consistent with the applicable rules and regulations as interpreted by the Court of Appeals for the Seventh Circuit.

I will deny plaintiff's fifth request, which is for the court to order defendant to

provide plaintiff a new hearing. Plaintiff had a full hearing before an administrative law judge in 2011 and another one in 2014; both hearings took place after December 31, 2010, which is plaintiff's "last date insured." At both hearings, plaintiff was represented by counsel.

> Plaintiff argues that a new hearing is required because the administrative law judge failed in his affirmative duty to develop the record before his improper inference . . . Rehearing is required to allow plaintiff to explain her treatment history and to make her best case, giving good reasons for her treatment history.

Dkt. #12, at 8. It is hard to accept plaintiff's argument that she was prevented from making her "best case" at her second administrative hearing, when she was again represented by counsel and presumably aware that she needed to enhance her presentation. My review of the hearing transcript does not disclose any area in which she was cut off by the administrative law judge or otherwise prevented from making her "best case." She quotes a number of instances in which she contends that the administrative law judge failed to *consider* parts of the record, but she does not need a new hearing to alert the new administrative law judge to information that is already in the record.

Plaintiff adds still another argument in support of her request for a new hearing, which is that the denial of a third hearing would be a denial of due process, but in this context, due process requires only a fair opportunity to "'be heard at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge, 424 U.S. 319, 333 (quoting Armstrong v. Manzo, 380 U.S. 545, 550 (1965)). Plaintiff has not shown that she has not had this fair opportunity or that if a new administrative law judge is named, the new judge will not apply

3

the law appropriately.

Although I am denying plaintiff's request for a directive for a new hearing, plaintiff remains free to make her own request of the agency for another hearing.  The agency is always free to hold such a hearing if it believes it would be helpful.

Plaintiff's request (6) is for the court to order the new administrative law judge to establish a substantial basis for the reliability and validity of the vocational testimony, rather than allowing the vocational expert to rely on any part of the Dictionary of Occupational Titles, which include outdated information.  Defendant objects to such an order requiring the administrative law judge to establish a substantial basis for the reliability and validity of the vocational testimony.  Plaintiff has not explained why such an order would be appropriate.  It is true that much of the information in the dictionary is too old to be of much use, but it does not follow that a vocational expert cannot rely on certain aspects of it, so long as the expert can explain why the particular reliance is appropriate.

As for plaintiff's request (7) that this court should direct the administrative law judge to issue a new decision "consistent with the law as the Court of Appeals for the Seventh Circuit has interpreted it," that request will be denied as well.  If the administrative law judge does not issue a decision consistent with circuit law, it will be appropriate for this court to reverse. It would not be appropriate to assume in advance that this will not be done.

ORDER

IT IS ORDERED that this case is REMANDED to the defendant Carolyn W. Colvin,

4

Acting Commissioner of Social Security, pursuant to Sentence Four of § 205 of the Social Security Act, 42 U.S.C. § 405(g). Upon receipt of the court's order, the Appeals Council will remand plaintiff Rachel Serio's application for disability insurance benefits to an administrative law judge to (1) evaluate the limiting effects of plaintiff's symptoms following the commissioner's standards, including assessment under the seven enumerated factors of SSR 96-7p; (2) reevaluate the medical opinions of treating, examining and consulting doctors; (3) reevaluate medical equivalence at step three; and (4) if the case proceeds past step three of the sequential evaluation, reassess plaintiff's residual functional capacity, including her use of a cane, and explain the basis of the findings while applying the function-by-function standards of SSR 96-8p.

FURTHER, IT IS ORDERED that the clerk of court is to enter judgment in favor of plaintiff Rachel Serio.

Entered this 17th day of March, 2016.

BY THE COURT:
/s/

BARBARA B. CRABB
District Judge